UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LINDSEY KENT SPRINGER,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-15-CV-75-FM |
| | § | |
| **UNITED STATES ATTORNEY FOR THE** | § | |
| **NORTHERN DISTRICT OF OKLAHOMA,** | § | |
| *et al.*, | § | |
| Defendants. | § | |

## TRANSFER ORDER

In a *pro se* motion to proceed *in forma pauperis*, Plaintiff Lindsey Kent Springer seeks leave to pursue, without prepaying costs or fees, a complaint under the Freedom of Information Act, 5 U.S.C. § 552. In his complaint, Plaintiff asks the Court to order Defendants, including the United States Attorney for the Northern District of Oklahoma, to produce documents related to appointments to various positions within his office.

The venue provision in 5 U.S.C. § 552 provides:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.[1]

Plaintiff is a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the territorial confines of the Western District of Texas.[2] Thus, the case is properly before the Court. However, the requested documents are situated in the United States

---

[1] 5 U.S.C. § 552(a)(4)(B) (2012).

[2] 28 U.S.C. § 124(d)(3) (2012).

Attorney's Office for the Northern District of Oklahoma.[3] Thus, venue is also proper in that district.

For the "convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[4] In the instant case, factors favoring a transfer include (1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of witnesses, (3) the cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[5]

Accordingly, the Court, after due consideration and in the interest of justice, **ORDERS** the District Clerk to **TRANSFER** Plaintiff's motion to proceed *in forma pauperis* and his complaint under the Freedom of Information Act, 5 U.S.C. § 552, to the Northern District of Oklahoma.

**SO ORDERED.**

SIGNED this 20 day of March 2015.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[3] 5 U.S.C. § 552(a)(4)(B).

[4] 28 U.S.C. § 1404(a) (2012).

[5] *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 380 (5th Cir. 2007).